**O'BRIEN, BELLAND & BUSHINSKY, LLC**
509 S. Lenola Road, Building 6
Moorestown, New Jersey 08057
(856) 795-2181
By:   Steven J. Bushinsky, Esquire
      W. Daniel Feehan, Esquire
      *Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| **TRUSTEES OF THE UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 312 BENEFIT FUND (F/K/A THE UFCW LOCAL 312 HEALTH FUND) for and on behalf of themselves and said Fund; THE BOARD OF TRUSTEES; and UNITED FOOD AND COMMERCIAL WORKERS UNION LOCAL 312,**<br><br>*Plaintiffs,*<br><br>v.<br><br>**MERWICK CARE & REHABILITATION CENTER, LLC**<br><br>100 McClellan Street<br>Norwood, New Jersey 07648<br><br>*Defendant.* | Civil Action No.:<br><br>**COMPLAINT** |

## JURISDICTION AND VENUE

1.  The jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C.

§1132 and §1145 respectively, and Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185, and the common law of ERISA.

2. The jurisdiction of this Court is invoked pursuant to Sections 502 and 515 of ERISA of 1974, 29 U.S.C. § 1132 and § 1145 respectively, and Section 301 of the LMRA, 29 U.S.C. § 185, and the common law of ERISA.

3. This Court is one of proper venue pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2) because the Plaintiff Fund is administered in the State of New Jersey, and the breach took place in New Jersey and Defendant maintained and/or maintains a principal place of business in the State of New Jersey.

4. A copy of this Complaint is being served on the Secretary of Labor and the Secretary of Treasury of the United States by certified mail in accordance with 29 U.S.C. §1132(h).

## PARTIES

5. Plaintiffs, Trustees of the United Food and Commercial Workers Union Local 312 Benefit Fund (f/k/a the UFCW Local 312 Health Fund) for and on behalf of themselves and said Fund, and the Board of Trustees, (hereinafter "Fund"), is a trust fund established and maintained pursuant to Section 302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5) and are employee benefit plans established and maintained pursuant to Section 3(1)(2) and (3) of ERISA, 29 U.S.C. §1002(1), (2) and (3), for

2

the purpose of providing health benefits and other benefits to eligible participants. The Fund qualifies to commence this action under Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

6. The Fund is authorized to sue in their own names pursuant to Section 502(d)(1) of ERISA, 29 U.S.C. §1132(d)(1).

7. The Trustees are "Fiduciaries" of the Fund within the meaning of Section 3(21) of ERISA, 29 U.S.C. §1002(21)(A).

8. The Fund maintains their principal place of business at 400 State Route 34, Suite D, Matawan, New Jersey 07747.

9. The Fund brings this action on behalf of their Trustees, committee members, participants and beneficiaries pursuant to Section 502 of ERISA, 29 U.S.C. §1132, and Section 301 of LMRA, 29 U.S.C. §185.

10. The Plaintiff United Food and Commercial Workers Union Local 312 (the "Union") and brings this action for dues checkoffs and other contributions.

11. The Union is a labor organization within the meaning of Section 301 of the LMRA, 29 U.S.C. § 185, and Section 3(4) of ERISA, 29 U.S.C. § 1002(4), and represents employees in an industry affecting commerce.

12. The Union maintains its principal place of business at 400 State Route 34, Suite D, Matawan, New Jersey 07747.

13. Defendant, Merwick Care & Rehabilitation Center, LLC ("Merwick"), is referred to as "Defendant(s)" or "employer(s)" or "parties in interest" as defined in Sections 3(5) and 3(14) of ERISA, 29 U.S.C. §1002(5) and (14) respectively and were and/or are employers in an industry affecting commerce within the meaning of Section 301 of LMRA, 29 U.S.C. §185.

14. Upon information and belief, Defendants principal place of business was and/or is located at 100 McClellan Street, Norwood, New Jersey 07648.

15. Defendant conducted and/or conduct business in the State of New Jersey.

## COUNT ONE

16. The Fund incorporates the allegations in Paragraphs 1 through 15 of this Complaint as if set forth herein in their entirety.

17. At all times relevant hereto, Defendant Merwick was party to and/or agreed to abide by the terms and conditions of the CBA with the Union or one or more local labor unions or district councils affiliated with the Union.

18. By virtue of the CBA, Defendant Merwick agreed to abide by the terms of the Agreement and Declaration of Trust which govern the Funds ("Trust Agreement"). The Trust Agreement sets forth the rules and regulations with respect to participation in and administration of the Fund. In particular, the Trust Agreement,

in accordance with federal law and administrative regulations, requires that fringe benefit contributions be made for eligible participants on a timely basis.

19. Defendant Merwick has failed to remit and/or has only remitted a portion of the required contributions to the Fund for the benefit of its employees including, but not limited to, the period of June 2019 through November 2019 for the UFCW Local 312 Benefit Fund.

20. Payment of the delinquent contributions and penalties assessed against Merwick has been demanded by the Fund, but Merwick has refused to submit the required payment.

23. Such delinquencies, if not paid in full immediately, constitute prohibited transactions under 29 U.S.C. §1106(a)(1)(B).

24. Merwick's failure to remit timely fringe benefit contributions has resulted in a violation of 29 U.S.C. §1145.

25. This action is brought by the fiduciaries of the Funds pursuant to Section 502(g)(2), 29 U.S.C. §1132(g)(2), and Section 515 of ERISA, 29 U.S.C. §1145, pursuant to which this Court is directed to award all unpaid contributions, interest, liquidated damages up to or exceeding twenty percent (20%), reasonable attorney's fees, court costs, and any other fees or relief which the Court deems appropriate.

**WHEREFORE**, the Funds respectfully request the following relief:

(A) Order Defendant Merwick to pay all contributions due and owing to the Funds and the Union;

(B) Order Defendant Merwick to pay interest on the delinquent contributions as provided by 29 U.S.C. §1132(g);

(C) Order Defendant Merwick to pay liquidated damages as provided by 29 U.S.C. §1132(g);

(D) Order Defendant Merwick to specifically perform all obligations to the Funds under the Inside Agreement;

(E) Order Defendant Merwick to pay the Fund's reasonable attorney's fees incurred in the prosecution of this action as provided by 29 U.S.C. §1132(g); and

(F) Order any such other and further relief as this Court may deem equitable, just and appropriate.

## COUNT TWO

26. Plaintiffs repeat the allegations set forth in paragraphs 1- 25 as if fully set forth at length herein.

27. Defendant Merwick is signatory to, or has assented to, the CBA between the Union and the Union members.

28. Defendant Merwick violated the CBA by failing to remit dues check-

6

offs for the benefit of its employees including, but not limited to, the period of June 2019 through December 2019 for the UFCW Union Local 312.

29. Payment of the dues check-off amounts have been demanded by the Union, but the Defendant had refused to submit the required payments

**WHEREFORE**, Plaintiff Union respectfully requests that this Court:

A. Order Defendant Merwick to pay dues-checkoffs due and owing to the Plaintiff Union; and

B. Order such further legal, equitable or other relief as is just and proper.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
*Attorneys for Plaintiffs*

_____
W. DANIEL FEEHAN, ESQUIRE

Dated: 12/24/19